UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AJAX E MASTER TRUST I, <br> a Delaware Trust, WILMINGTON <br> SAVINGS FUNDS SOCIETY, FSB, <br> Trustee, <br><br> Plaintiff, <br><br> v. <br><br> LISA A. SANBORN, a/k/a LISA DOWEN, <br> a/k/a LISA BROWN, a/k/a LISABETH <br> A. BROWN and DONALD DOWEN <br><br> Defendants, <br><br> and <br><br> MIDLAND FUNDING, LLC <br><br> Party-In-Interest. | No. 2:21-cv-00003-JAW |

**REPORT OF FINAL PRETRIAL CONFERENCE AND ORDER**

On February 4, 2022, the Court held a final pretrial conference by videoconference in this civil action in anticipation of a bench trial during the March 2020 trial term of the Court. Attorney Reneau Longoria represented Ajax E Master Trust I (Ajax); Attorney Jonathan E. Selkowitz represented Lisa A. Sanborn, who is now known as Lisa A. Brown. Neither Donald Dowen, the Co-Defendant, nor Midland Funding, LLC (Midland), the Party-In-Interest, appeared.

This is a foreclosure action in which the mortgagee is seeking judgment of foreclosure and sale against a residence at 18 Maple Avenue, Scarborough, Maine 04074. *Compl.* ¶ 27 (ECF No. 1) (*Compl.*). As Ms. Brown and Mr. Dowen have been

discharged in bankruptcy, Ajax is proceeding solely in rem and not against either Ms. Brown or Mr. Dowen personally. *Id.* ¶ 33.

Ajax filed a pretrial conference memorandum in which it described the case as a "straightforward foreclosure and related claims action." *Pl.'s Final Pretrial Mem.* at 1 (ECF No. 41). Noting that Ms. Brown had listed the mortgage on 18 Maple Avenue as an asset in her bankruptcy filing, Ajax contended that she is now judicially estopped from denying the validity of Ajax's mortgage. *Id.* at 2-4. In her pretrial conference memorandum, Ms. Brown listed three issues: (1) whether Ajax can demonstrate an ownership interest in the mortgage, including whether the powers of attorney assigning the mortgage and note are legally sufficient and required recording to be effective, (2) whether Ajax's notice of default and right to cure met legal standards under Maine law, and (3) whether Ajax could establish the necessary predicate for the admission of business records. *Def. Lisa Sanborn's Pretrial Mem.* at 1-2.

Counsel agreed that several of these issues could be resolved without the need for trial. These issues include (1) judicial estoppel, 2) Ajax's ownership interest in the mortgage, including the power of attorney issue, and (3) legal issues concerning the sufficiency of the notice of default and right to cure. Defendant's counsel, however, requested a trial to challenge the accuracy of Ajax's underlying calculations and business records and similarly the accuracy of Ajax's figures in its notice of default and right to cure.

Counsel for Ms. Brown also indicated that Ms. Brown might well be able to obtain separate financing, which would involve paying Ajax in full. Attorney Selkowitz suggested that the third-party lender might have a definitive answer as early as Monday of next week. Balancing Ajax's desire to expeditiously resolve this matter, Ms. Brown's interest in refinancing with a third party, and the need to avoid unnecessary legal expense for the parties, the Court set February 25, 2022, as the date by which Attorney Selkowitz would inform the Court as to whether trial would be necessary. If trial is necessary, the Court established March 4, 2022, as the deadline for the parties to file any stipulations of counsel, exhibit lists, witness lists, and pretrial memoranda, and the Court fixed the week of March 14, 2022, as the week during which trial would be scheduled, if the matter is not resolved. Specifically, the Court ordered counsel to file legal memoranda on the purely legal issues identified above so that the Court could resolve those issues separately. Counsel estimated that trial would take two hours and the Court left the scheduling of the date and time during the week of March 14, 2022, to the Deputy Clerk and counsel.

Finally, although not mentioned at the pretrial conference, Ajax has not moved for default judgment against Donald Dowen and Midland. Regarding Midland, the Clerk entered default on April 2, 2021. *Order Granting Mot. for Entry of Default* (ECF No. 14). Regarding Mr. Dowen, the Clerk entered default on June 7, 2021. *Order Granting Mot. for Entry of Default* (ECF No. 27). Pursuant to the Scheduling Order dated July 19, 2021, any pretrial motion was due by December 27, 2021. *Scheduling Order* at 3 (ECF No. 33). However, Ajax has not filed a motion for default

judgment against either Midland or Mr. Dowen.  Accordingly, if Ms. Brown indicates on February 25, 2022, that trial is necessary, the Court orders Ajax to resolve its claims against Midland and Mr. Dowen by March 4, 2022, by filing an appropriate motion.

    SO ORDERED.

                                              <u>/s/ John A. Woodcock, Jr.</u>
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2022